**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4181**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

LAWRENCE KEVIN MCDONALD,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00639-RBH-1)

———————

Submitted:  July 1, 2008         Decided:  July 14, 2008

———————

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Lawrence Kevin McDonald pled guilty to possession of a firearm in furtherance of a drug trafficking crime (Count 2), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2008), and possession with intent to distribute a quantity of cocaine (Count 3), in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced McDonald to twenty-seven months of imprisonment on Count 3 and to a consecutive sixty-month sentence on Count 2, for a total of eighty-seven months. McDonald's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel questions whether the district court complied with Fed. R. Crim. P. 11 in accepting McDonald's guilty plea and whether the district court erred in sentencing McDonald. McDonald was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but concludes that there were no deficiencies in the district court's Rule 11 inquiries. Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting McDonald's guilty plea and ensured that McDonald entered his plea knowingly and voluntarily and that

the plea was supported by an independent factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel next questions whether the district court erred by refusing to sentence McDonald below the advisory guideline range established for Count 3.  We review the sentence imposed by the district court for an abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 597 (2007).  Our review of the record leads us to conclude that the district court followed the necessary procedural steps in sentencing McDonald, properly calculating the guidelines range and considering that recommendation in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008).  See Gall, 128 S. Ct. at 597.  We also find that the district court meaningfully articulated its refusal to vary from the guideline range and to sentence McDonald at the bottom of the range.  See id.; Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).  Thus, we conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but

- 3 -

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED